OTERO *v.* ESTATE OF A. MONROIG.

APPEAL from the District Court of Humacao.

No. 336.—Decided February 23, 1909.

UNAPPEALABLE JUDGMENT—DECISION ADMITTING DEMURRERS.—A decision of the court admitting demurrers to the complaint does not constitute a final judgment, and cannot, therefore, be appealed from, although the prejudiced party should renounce the opportunity to amend the complaint and pray that said decision be entered as a judgment.

FINAL JUDGMENT—REQUISITES THEREOF.—A decision of the case, dismissing the complaint or otherwise terminating the matter and adjudicating with respect to the costs, are essential requisites of a final judgment, which render it appealable.

The facts are stated in the opinion.

*Mr. Juan Guzmán Benítez* for appellant.

*Messrs. Cuevillas and Méndez* for respondents.

MR. JUSTICE MACLEARY delivered the opinion of the court.

The only question to be determined now is whether or not the judgment appealed from is appealable.

The Judgment, as appears from the record, reads as follows:

"On the 5th day of October, 1908, and at chambers, the plaintiff in this case appeared through his counsel, filing a motion renouncing the term given for the presentation of an amendment to the complaint, and requesting therein that the decision rendered by the court upon the demurrer filed to the complaint be entered as a judgment. Therefore, and inasmuch as the court granted, on the 9th of October, 1908, ·

the motion of the plaintiff, the following resolution rendered by the court was entered as the judgment of the court in this case:

" 'First Term, *September 30th, 1908.'*

" 'The complaint having been presented in this case the defendant made exceptions to the same alleging that it did not show sufficient facts to constitute a cause of action. Both parties agreed that the action sought to be instituted by the plaintiff is that which is authorized by section 277 of the Code of Civil Procedure. This being so, we really believe that the complaint does not show sufficient facts to constitute a cause of action. Both parties agreed that the action sought to be instituted by the plaintiff is that which is authorized by section 277 of the Code of Civil Procedure. This being so, we really believe that the complaint does not show sufficient facts to constitute the cause of action which has been exercised in this case. We admit the theory set forth in plaintiff's brief to be a sound one, that is, that a railroad that is not "a nuisance *per se"* may become so *"per accidens,"* and hence, that it is necessary in such a case to set forth in the complaint the facts by virtue of which the railroad which in normal circumstances is a beneficial institution has become a real nuisance which it is necessary to suppress. We have examined the complaint and from the facts herein contained we cannot necessarily reach the conclusion that the railroad in question is a nuisance, neither by the manner in which it is operated, nor by the place, condition and use of its appurtenant structures.'

"The demurrer filed by the defendant to the complaint must be admitted, and 10 days should be granted to the plaintiff in order that he may amend his complaint."

This judgment was at first, on the 5th of October last, rendered reserving to the plaintiff the right to amend his complaint within 10 days' time; but on the plaintiff appearing and renouncing this right the court attempted to make the judgment final; and on the 9th of October last it was rendered, as stated above.

The judgment herein is not final and hence is not appealable under section 295 of the Code of Civil Procedure.

It is true that after the demurrer had been sustained the plaintiff came into court and renounced the opportunity to amend his complaint, which had been accorded him by the

order of the court, ordered the judgment to be made final and it was so registered; but the court did not dismiss the case from the docket nor impose costs on either party. This is a necessary requisite of a final judgment in order to render the same appealable. (See *Regantes* v. *Casalduc,* decided on the 17th of February, 1908, 14 P. R. Rep., 108.) For all that appears from the record the case was still pending when the appeal was taken. It is true the defendant or the plaintiff either may come in and move the court to make a final disposition of the case, and this could be done at any time; but until it is done there is no final judgment from which an appeal can be taken. Bouvier defines a final judgment as "one which puts an end to a suit." (See 2 Bouvier Law Dict., pp. 25 and 28.) To the same effect say the great commentators Kent and Blackstone. (See 1 Kent, 316, 3 Blackstone, 398.) So, too, has the question been decided by the Supreme Court of the United States. (See *Commissioners* v. *Lucas,* 93 U. S., pp. 113 and 114.) The law was the same in this country during the Spanish domination, as is shown by a reference to the ancient Code of Civil Procedure and the decisions rendered in conformity therewith. (Ancient Code of Civil Procedure, art. 1688; *Mora* v. *Valdecilla Bros. & Co.,* 3 P. R. Rep., 307; *Frau* v. *Canals,* 3 P. R. Rep., 357; *Moreno* v. *Oliú,* 3 P. R. Rep., 387.)

This court has consistently followed the principle announced in these authorities, as will be seen by consulting the following authorities: *Porto Rican R. R. Co.* v. *Western R. R. Co.,* 2 Decs. of P. R., p. 436; *Guasp* v. *Rosch,* 2 Decs. of P. R., 640; *Giménez* v. *Olmedo,* decided on the 13th of December, 1907; *J. La O Cintrón* v. *Figueroa,* decided on the 16th of December, 1907; *Rijos* v. *Peña,* decided on the 23d of December, 1907; *La Comunidad de Regantes* v. *Casalduc,* decided on the 17th of February, 1908; *González* v. *Baldrich,* decided on the 2d of February, 1909.

As is clearly shown by the foregoing authorities, an order merely sustaining a demurrer, even though it does not give

the plaintiff leave to amend his complaint is not a final judgment; and an appeal therefrom cannot be considered; unless the case is finally disposed of by the dismissal or otherwise; and in such a case some adjudication should be made in regard to the costs of the court.

For the reasons stated, the appeal should be dismissed and the cause remanded to the district court for proper proceedings, in conformity with the principles herein enunciated.

*Dismissed.*

Justices Hernández, Figueras and Wolf concurred.

Mr. Chief Justice Quiñones did not sit at the hearing of this case.